IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA JO THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-0035-MJR-SCW |
| ) | |
| DAVID HYDE and ) | |
| RANDALL MENDENHALL, ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

    A.    <u>Introduction and Procedural Overview</u>

On January 23, 2013, Barbara Jo Thomas filed suit in this Court, asserting a claim under 42 U.S.C. 1983 and invoking subject matter jurisdiction under the federal question statute (28 U.S.C. 1331). Thomas, who lives in Olney, Illinois (within this Judicial District) named two Defendants – (1) David Hyde, the State's Attorney for Richland County, Illinois; and (2) Randall Mendenhall, an investigator for the Illinois Liquor Control Commission. Thomas alleges that she sues for "violation of her right of personal privacy, violation of substantive due process, and Defendants placing [her] in a position of danger in violation of her Constitutional Rights" (Doc. 2, p. 2).

Counsel entered on behalf of Defendant Hyde on January 29, 2013; counsel entered for Defendant Mendenhall on February 8, 2013.[1] No answer has been filed.

---

    1    A scheduling and discovery conference is set before the Honorable Stephen C. Williams, United States Magistrate Judge, on March 27, 2013.

Now before the Court is Defendant Hyde's motion for more definite statement, which was filed February 5, 2013. The deadline for Plaintiff Thomas (who is represented by counsel) to oppose or otherwise respond to Hyde's motion has elapsed. For the reasons stated blow, the Court grants the pending motion.

B.   Analysis

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement as to a pleading to which a response is needed "but which is so vague and ambiguous that the party cannot reasonably prepare a response." The motion for more definite statement "must point out the defects complained of and the details desired." **FED. R. CIV. P. 12(e).**

Rule 8 requires a federal complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(2) and 8(d). The primary purpose of Rule 8 -- and Rule 10, requiring separate claims in separate paragraphs or counts -- is to provide defendants with fair notice of the claims against them. ***Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011).**

Complaints need not be over-detailed; federal courts are based on a system of simplified notice pleading which relies on liberal discovery rules and summary judgment motions to define disputed issues and dispose of unmeritorious claims. *See Swierkiewicz v. Sorema, N.A.,* **534 U.S. 506, 514 (2002).** *See also Bell Atlantic Corp. v.*

---

Final pretrial conference and jury trial are set before the undersigned District Judge on March 7, 2014 and March 31, 2014, respectively.

*Twombly*, **550 U.S. 544, 574-75 (2007) (pleadings do not function to** *prove* **the case; the complaint should put the defendant on notice of the nature of the claim against him and the relief sought).**

But where a complaint is utterly vague and confusing, a more definite statement is appropriate before the defendant interposes a responsive pleading. *See, e.g., Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title,* **412 F.3d 745, 749 (7th Cir. 2005) (the fact a complaint is confusing is "not ordinarily a fatal defect;" rather, Rule 12(e) can be used to obtain an intelligible complaint);** *Hoskins v. Poelstra,* **320 F.3d 761, 764 (7th Cir. 2003) ("District judges have many tools to require additional specificity," including a Rule 12(e) more definite statement).  *See also Thomas v. Independence Township,* 463 F.3d 285, 301 (3rd Cir. 2006) (Rule 12(e) motion for more definite statement is "perhaps the best procedural tool available to the defendant" to clarify factual basis for the plaintiff's claims).**

Alternatively, courts can direct the plaintiff to amend the complaint.  "[W]e have explained that often it is simpler to dismiss an unintelligible complaint with leave to file a new one so that a plaintiff's allegations are contained in only one document rather than two:  the complaint and the more definite statement."  *Griffin v. Milwaukee County,* **369 Fed. Appx. 741, 743 (7th Cir. 2010)(unreported decision),** *citing Davis v. Ruby Foods, Inc.,* **269 F.3d 818, 820 (7th Cir. 2001).  See also** *Stanard,* **658 F.3d at 801 (reiterating that leave to amend pleadings should be freely given).**

In the instant case, Plaintiff's claims are spelled out on one and one-half pages (Doc. 2, pp. 2-3) and describe the following.  Plaintiff discovered what she believed was

illegal gambling at a local Eagles Club; she reported this anonymously on a website maintained by the Illinois Liquor Control Commission which solicits citizen complaints and assures the confidentiality of reports; Defendant Mendenhall relayed Plaintiff's complaint (unredacted) to Defendant Hyde; Defendant Hyde transmitted the information to "John Racklin and others;" that Defendants' conduct in releasing the information placed Plaintiff in danger; that the "disclosures were made without due process or any prior notice" to Plaintiff; that Plaintiff was intimidated or harassed regarding her disclosure; that Plaintiff became emotionally distraught and was required to seek medical treatment; and that the disclosures violated Plaintiff's constitutionally-secured privacy and liberty interests.

Paragraph 6(e) of the complaint alleges that Defendant Hyde violated the "assurance of confidentiality" on or about May 24, 2011 by transmitting "said information" to John Racklin and others. Defendant Hyde explains that he, as an elected prosecutor (State's Attorney of Richland County, Illinois) enjoys absolute immunity for legal activities in criminal proceedings and for all decisions undertaken in furtherance of his prosecutorial duties. Hyde contends that the complaint fails to specify (a) *what* information he allegedly transmitted to Mr. Racklin, (b) who Mr. Racklin is, and (c) whether a criminal prosecution was pending at the time of this alleged disclosure.

The Court finds merit in Hyde's argument that he cannot properly respond to the complaint without knowing what information Plaintiff claims he transmitted (to Racklin or others). It would also be helpful to know who Mr. Racklin is. The Court is

not requiring fact pleading by Plaintiff, but these basic details are needed so that defense counsel can evaluate whether an answer or a Rule 12(b)(6) dismissal motion is appropriate as to Plaintiff's complaint.

    C.    <u>Conclusion</u>

Therefore, the Court **GRANTS** Defendant Hyde's motion (Doc. 5) as follows. **Plaintiff SHALL FILE a First Amended Complaint** *or* **a More Definite Statement by** <u>**March 29, 2013**</u>. The amended complaint or more definite statement shall clarify what information Defendant Hyde allegedly provided to "Mr. Racklin" and who Mr. Racklin is, enabling Defendant Hyde to assess whether he may be protected by some form of immunity and to prepare an answer or other responsive pleading accordingly.

IT IS SO ORDERED.

DATED March 13, 2013.

                                            s/ *Michael J. Reagan*
                                            Michael J. Reagan
                                            United States District Judge